UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL INSURANCE COMPANY,
As subrogee of Kamax LP,

    Plaintiff,

v.

NANCY GUSMANO, CHRISTOPHER P.
HURTTGAM and CPH SORTING &
CONSULTING, INC.,

    Defendants.
_____/

Case No. 04-72421

Honorable Patrick J. Duggan

## ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on <u>August 5, 2005</u>.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

In an Opinion and Order dated June 30, 2005, this Court: 1) granted Defendants' Motion for Summary Judgment with respect to Plaintiff Federal Insurance Company's fraud/conversion claim; 2) denied Defendants' Motion for Summary Judgment with respect to Plaintiff's RICO claim; 3) denied both Defendants' and Plaintiff's Motions for Summary Judgment with respect to Plaintiff's claim of constructive trust; and 4) ordered that Plaintiff may file an amended complaint. On July 14, 2005, Plaintiff filed a Motion for Reconsideration asking the Court to reconsider its June 30, 2005 Opinion and Order to the extent it grants Summary Judgment on Plaintiff's fraud/conversion claim.

Motions for reconsideration are governed by Eastern District of Michigan Local Rule 7.1(g)(3) which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Thus the Court will grant a motion for reconsideration if the moving party shows: (1) a "palpable defect," (2) that the defect misled the Court and the parties, and (3) that correcting the defect will result in a different disposition of the case. *Sundberg v. Keller Ladder*, 189 F. Supp. 2d 671, 674 (E.D. Mich. 2002). A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain. *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).

In its Opinion and Order the Court dismissed Plaintiff's fraud claim because Plaintiff failed to establish that Defendants made any representation to Kamax. Plaintiffs contend that the Court overlooked its argument that Michigan law does not require it to show that Defendants made a misrepresentation, as long as they were part of a conspiracy to defraud, citing *Roche v. Blair*, 305 Mich. 608, 9 N.W.2d 861 (1943), *Bush v. Sprague*, 51 Mich. 41, 16 N.W. 222 (1883), and *Scofield v. Clarke*, 179 Mich. 681, 146 N.W. 377 (1914).

None of these cases, however, stand for the proposition that a defendant may be liable for fraud absent a showing that *some* defendant made a misrepresentation. In both *Bush v. Sprague* and *Scofield v. Clarke*, the plaintiffs alleged some "representation" on the part of defendants. *Bush v. Sprague*, 51 Mich. at 43-44, 16 N.W. at 222 ( the plaintiff's complaint

alleged that one "defendant . . . caused articles of association of said corporation to be filed in the office of the county clerk for Wayne, and in said articles did falsely, fraudulently, and knowingly cause to be set forth that the capital stock was $50,000, and of which $15,000 was actually paid in; when, in fact, as defendants well knew, the corporation had no capital stock, and no amount had been actually paid in.); *Scofield v. Clarke*, 179 Mich. 681, 691-92, 146 N.W. 377, 381 (noting that plaintiff's allegation that a defendant represented that he could pay for the plaintiff's goods he purchased, knowing at the time he purchased these goods that he could not, was sufficient to support a claim for fraud against that defendant, although to recover against other defendants allegedly involved in the scheme, plaintiff must show that a conspiracy to defraud existed).

Similarly, in *Roche v. Blair*, the court considered whether coconspirators can be liable for fraud. In that case, the plaintiffs appealed from an order dismissing their action of "a civil conspiracy to defraud" because it was barred by the statute of limitations. *Roche*, 305 Mich. at 609-10, 9 N.W.2d at 861-62. Plaintiffs alleged that defendants:

> [F]raudulently conspired and confederated together to defraud plaintiffs out of their farm aforesaid by illegal and oppressive means, and entered upon a course of action, working in concert, well calculated to unlawfully foreclose said mortgages, ruin the credit of the plaintiffs, seize the land, force the plaintiffs or one of them into bankruptcy, sell the land and the dairy business and make a great financial gain thereby which gain was to be divided upon some basis among the aforesaid defendants.

*Id.* at 610-11, 9 N.W.2d at 862.

The main issue before the Michigan Supreme Court was whether the lower court properly applied the two-year statute of limitations applicable to a fraudulent concealment cause of action or whether the court should have applied the six-year statute of limitations

3

applicable to fraud claims.  *See id.* at 613, 9 N.W.2d at 863.  The Court held that "the gist or gravamen of the action is not the conspiracy but is the wrongful acts causing the damages." *Id.* at 614, 9 N.W.2d at 863.  The Court concluded that the plaintiffs' cause of action was "the alleged wrongful acts of defendants, which caused their claimed damages," and that "[t]he allegations of conspiracy did not change the nature of plaintiffs' action." *Id.*  In that case. however, there was a "representation": plaintiffs alleged that "defendants made false statements to an association of credit men . . . ; that such statements resulted in a circular letter's [sic] being sent to plaintiffs' creditors causing them to sue and harass plaintiffs, thereby forcing them plaintiff John E. Roche into voluntary bankruptcy." *Id.* at 611, 9 N.W.2d at 862.

As the Court noted in its Opinion and Order of June 30, 2005, Plaintiff has failed to point to any representation on the part of Hurttgam or CPH to anyone at Kamax.  The record shows that Hurttgam only communicated with Gusmano and there is no evidence that he ever represented to her that he was actually sorting parts.  In fact, according to Hurttgam:

> What I thought I was being paid for was the fact that I would have to hold liability or responsibility for that product going to Chrysler.  So if they found a problem, I would get the phone call and I would have to go in there and rectify the issue, whether that means traveling out of the state or what have you, I would have to take it.

 (Hurttgam Dep. at 64).

Moreover, Plaintiff has failed to point to any representation on the part of Gusmano that Hurttgam and CPH were actually sorting parts.  According to Gregory Sander, President of Kamax, Gusmano never represented to Kamax that Hurttgam and CPH would be sorting parts:

4

> Nancy had approached me and said Chris [Hurttgam] would come in and *verify* that our equipment was adequate and our equipment was considered state of the art, and once again that's where the contention was over who took the technology from our equipment.
>
> Nancy had advised me that Chris would review the sorting process, analyze the results of that sort, the defective parts that came out of it, then issue a report to Chrysler that he had validated those parts, but they were sorted inside of Kamax.

(Sander Dep. at 16 (emphasis added)).

Plaintiff has not alleged any "palpable defect by which the court and the parties have been misled." E.D. MICH. L.R. 7.1(g)(3). Therefore, Plaintiff has failed to state a ground for reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.


                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Hans H. J. Pijls, Esq.
Otis M. Underwood, Jr., Esq.